BARKETT, Justice,
dissenting.
The choice to be made here is between justice and fairness on the one hand and convenience and the traditional resistance to change on the other. Under the current apportionment system, the Board of Governors in December 1986 included one representative from the Third Circuit, which had only 117 members. In contrast, each of the six representatives from the Eleventh Circuit was charged with representing at-large a total of 8,255 members, or about 1,376 each. Not only is this unfair, but unlike the majority, I cannot conclude that any useful purpose is served by providing the membership of the Third Circuit more than ten times the representative power of their counterparts in the Eleventh.
As the United States Supreme Court has noted in another context
[t]he right to vote freely for the candidate of one’s choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government. And the right of suffrage can be denied by a debasement or dilution of the weight of a citizen’s vote just as effectively as by wholly prohibiting the free exercise of the franchise.
Reynolds v. Sims, 377 U.S. 533, 555, 84 S.Ct. 1362, 1378, 12 L.Ed.2d 506 (1964) (footnote omitted).
The principle of one person, one vote has become so firmly entrenched in this nation’s idea of fair and representative governance that I see no reason why it should not be applied to The Florida Bar as a matter of policy.
The division of this state into judicial circuits has merit as a matter of administrative geographic convenience. The cost of basing bar representation on circuits, however, is the disenfranchisement of a substantial number of bar members practicing in Florida’s population centers. That is too high a price to pay when one consid *256 ers the broad spectrum of bar and public interest issues acted upon by the Board of Governors.
Thus, I would adopt in principle the proposal submitted to this Court by petitioner Chesterfield Smith and a number of other bar members. I would require the Bar to present to this Court a plan which would adequately provide the basis for one person, one vote representation on the Board of Governors and refrain from any apportionment that dilutes the representative power of any distinct group of members.

On Motion for Clarification

PER CURIAM.
Our opinion in this case, filed December 10, 1987, is clarified as follows, at the request of the Florida Bar:
1) The time for filing nominating petitions under rule 2-3.5(b) is extended from 5:00 p.m., January 10, 1988 to 5:00 p.m., February 1, 1988 for the nine newly created seats and for all “even-numbered” seats on the board of governors.
2) Rule 2-3.5(a) is amended to read as follows:
(a) Staggered terms. Elections shall be held in even-numbered years for nonresident -representative seat number-2-and the following circuit representatives:
Circuit (Office Number) Circuit (Office Number)
1 11(9)
2(2) 1'2(2)
3 13(1)
4(1) 14
6(1) 15(1)
7 15(3)
9(1) 17(1)
m 17(4)
10 18
11(1) 20
11(3) nonresident (2)
11(5) public member (2)
11(7)
Elections shall be held in odd-numbered years for nonresident representative seat number-l-and for the following circuit representatives:
Circuit (Office Number) Circuit (Office Number)
2(1) 12(1)
4(2) 13(2)
5 ⅜3(3)
6(2) 15(2)
6(3) 16
8 17(2)
9(2) 17(3)
11(2) 19
11(4) nonresident (1)
11(6) nonresident (3)
1K8) public member (1)
11(10)
As additions or deletions of circuit representatives resulting from the application of the formula provided in this rule necessitate changes in the lists set forth above, both in circuit and office numbers, such changes shall be made by the executive director as appropriate and shall be published in the Florida Bar News by November 1.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.